TREGONING *v.* TREGONING *et al.*

(*Supreme Court, General Term, First Department.* June 26, 1891.)

DEED—CONSTRUCTION—VESTED REMAINDER.

　　A deed of a house and lot to M., wife of P., "and, after the decease of the said M., then the said house and lot shall belong and go to the children of said P. and M. in equal shares, and the said parties of the first part hereby grant and convey said premises in fee to said children of P. and M., subject to the life-estate of said M., as above stated," gives to the children of P. and M. living at the execution of the deed a vested remainder in fee, subject to the life-estate of their mother.

Appeal from special term, New York county.

Action by Stephen P. Tregoning against Richard F. Tregoning, Margaretta Tregoning, Jennie Tregoning, Mary Agnes Rush, Mary Agnes McNevin, Margaretta McNevin, William McNevin, John C. Devine, Annie Devine, his wife, Michael J. Devine, William Wallberg, William Hoey, Charles Gray, John Elliott, Mary McKenna, John Muller, and William Connelly. From an interlocutory judgment entered on an order overruling demurrer to the complaint, defendants appeal.

Mr. Justice LAWRENCE delivered the following opinion at special term: "This is an action for the partition of land in the city of New York, and the complaint discloses the following facts: In 1858, one Patrick Devine, being the owner of the premises in question, conveyed the same to one David Stevenson, who, with his wife, reconveyed the same premises to Margaret Devine, wife of said Patrick Devine, for use during her natural life, and the said deed provided: 'And, after the decease of the said Margaret Devine, then the said house and lot shall belong and go to the children of said Patrick and Margaret Devine in equal shares, and the said parties of the first part hereby

grant and convey said premises in fee to said children of Patrick and Margaret Devine, subject to the life-estate of said Margaret Devine, as above stated.' Margaret Devine, the grantee in said conveyance named, died in 1890. At the date of the conveyance by Stevenson and wife to her, there were five children living, but at the time of her death three of them had died, leaving John C. Devine and Michael J. Devine, defendants in this action, her only surviving children. The children of Patrick and Margaret Devine, who died before the latter, all left issue. The plaintiff, and the children and heirs at law of the deceased children of Patrick and Margaret Devine, who are defendants herein, claim to hold the premises described in the complaint as tenants in common with John C. and Michael J. Devine. Demurrers to the complaint have been interposed by John C. and Michael J. Devine, on the ground that no cause of action is stated therein. These demurrers are not, I think, well taken. A bare inspection of the deed will show that it was the intention of the grantors that the children of Patrick and Margaret Devine living at the time of its execution should have a remainder in fee, which vested immediately, subject to the life-estate of their mother. The conveyance is to Margaret Devine during her natural life; '* * * and, after the decease of the said Margaret Devine, then the said house and lot shall belong and go to the children of the said Patrick and Margaret Devine in equal shares, and the said parties of the first part hereby grant and convey said premises in fee to said children of Patrick and Margaret Devine, subject to the life-estate of said Margaret Devine, as above stated.' Language could not more clearly express the intention of the grantors to vest the fee in the children of Patrick and Margaret Devine. The case differs most essentially from *Moore* v. *Littel,* 41 N. Y. 66, the phraseology there used being to the grantee for life, 'and, after his decease, to his heirs and assigns forever.' Here the conveyance vests the fee absolutely in the children, subject to the life-estate, and by the provisions of the Revised Statutes there is a vested future estate, if, at the time of the creation of the estate, there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. 4 Rev. St. (8th Ed.) p. 2432, § 13. This estate is descendible, devisable, and alienable in the same manner as estates in possession. Id. p. 2434, § 35. I agree with the counsel for the plaintiff that the children of the deceased children of Patrick and Margaret Devine take, not as the grandchildren of the latter, but as the heirs of their respective parents, whose estates descended to them under the aforesaid statutory provision. I am therefore of the opinion that the plaintiff is entitled to judgment overruling the demurrers, with leave to the defendants to answer over on payment of costs."

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Abraham Kling,* for appellants. *James A. O'Gorman,* for respondent.

PER CURIAM. We think it entirely clear that the children of Patrick and Margaret Devine who were alive at the time of the delivery of the deed in question took vested remainders. The language of the deed admits of no doubt upon this head. Nothing could be plainer than the expression: "And the parties of the first part hereby grant and convey said premises in fee to said children of Patrick and Margaret Devine, subject to the life-estate of said Margaret Devine, as above stated." The cases are all one way on this question, and the opinion of LAWRENCE, J., at special term, is entirely satisfactory. The interlocutory judgments appealed from should be affirmed, with costs.